1  EDWARD C. KWOK (SBN 144302)
   CLARK S. STONE (SBN 202123)
2  **MacPHERSON KWOK CHEN & HEID LLP**
   2033 Gateway Place, Suite 400
3  San Jose, California 95110
   Phone: (408) 392-9250    **E-FILING**
4  Facsimile: (408) 392-9262
   email:
5  ekwok@macpherson-kwok.com
   cstone@macpherson-kwok.com
6
   Attorneys for Plaintiff,
7  AXL MUSICAL INSTRUMENTS CO., LTD.

FILED Fee Paid

2008 AUG 18 P 3: 38

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

8
9                  UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11  AXL MUSICAL INSTRUMENTS CO., LTD., a    CASE NO.    C08    03947 JL
    California Corporation,
12                                          **COMPLAINT FOR TRADEMARK
                   Plaintiff,               INFRINGEMENT, UNFAIR
13                                          COMPETITION, BREACH OF
       v.                                   CONTRACT, AND SPECIFIC
14                                          PERFORMANCE**

15  VHT AMPLIFICATION, INC., a California   **JURY TRIAL DEMAND**
    Corporation,
16
                   Defendant.
17

18      Plaintiff, AXL Musical Instruments Co., Ltd. ("AXL"), for its Complaint against

19  Defendant, VHT Amplification, Inc. ("VHT"), by and through its attorneys, alleges as follows:

20                      **JURISDICTION AND VENUE**

21      1.      This Court has jurisdiction of this civil action pursuant to 15 U.S.C. §§ 1051 et

22  seq. (action arising under the Federal Trademark Act), 28 U.S.C. § 1331 (federal question

23  jurisdiction), 28 U.S.C. § 1338(a) (Act of Congress relating to trademarks), and 28 U.S.C. §

24  1338(b) (jurisdiction of unfair competition claim joined with a substantial and related claim

25  under the trademark laws), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

26      2.      This Court has personal jurisdiction over VHT because VHT has committed acts

27  of trademark infringement and unfair competition on a nationwide scale and in this District.

28

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION,
BREACH OF CONTRACT, AND SPECIFIC PERFORMANCE; JURY TRIAL DEMAND**                    1

3.    In addition, this Court has personal jurisdiction over VHT because VHT

contractually agreed to the exercise of personal jurisdiction by this Court.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 1391(c) as

the acts alleged herein have substantially occurred within this District, the claims asserted

substantially arise in this District, and VHT is subject to personal jurisdiction in this District..

5.    In addition, venue is proper in this District because VHT contractually agreed

that venue is proper in this District.

**INTRADISTRICT ASSIGNMENT**

6.    Pursuant to Civil L.R. 3-2(c) and paragraph D.5. of General Order No. 44,

assignment of this intellectual property case to any courthouse in this District is proper.

**NATURE OF THE ACTION**

7.    In this action, AXL seeks injunctive relief, damages, profits, attorney's fees, and

costs against VHT because of VHT's infringement of AXL's rights in the registered trademark

VHT AMPLIFICATION (and design) (U.S. Reg. No. 1,686,163) (the "VHT

AMPLIFICATION trademark") and the common law trademark VHT (the "VHT trademark"

or collectively with the VHT AMPLIFICATION trademark, "the VHT AMPLIFICATION and

VHT trademarks"), VHT's unfair competition with AXL, and VHT's breach of contract.

8.    In exchange for a loan in the amount of $150,000 from AXL, which VHT has

not repaid, VHT agreed, *inter alia*, to a contingent assignment of the VHT AMPLIFICATION

and VHT trademarks and the goodwill appertaining thereto.  On May 7, 2008, the contingent

assignment became an actual assignment when VHT defaulted on the loan.  AXL subsequently

recorded its ownership of the VHT AMPLIFICATION trademark and the goodwill

appertaining thereto by filing the assignment in the U.S. Patent and Trademark Office.  Despite

AXL's repeated demands that VHT cease using the VHT AMPLIFICATION and VHT

trademarks and transfer all the goodwill in the trademarks, VHT continues to use the VHT

AMPLIFICATION and VHT trademarks.  Upon information and belief, VHT's continued use

of the VHT AMPLIFICATION and VHT trademarks has been willful and in conscious

disregard of AXL's rights in the VHT AMPLIFICATION and VHT trademarks.  VHT's

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION,                    2
BREACH OF CONTRACT, AND SPECIFIC PERFORMANCE; JURY TRIAL DEMAND

1  continued use of the VHT AMPLIFICATION and VHT trademarks constitutes trademark

2  infringement and unfair competition in violation of laws of the United States and the State of

3  California. VHT's continued use of the VHT AMPLIFICATION and VHT trademarks is

4  causing monetary damage and irreparable injury to AXL for which there is no adequate remedy

5  at law.

6  **THE PARTIES**

7      9.    AXL Musical Instruments Co., Ltd. is a California corporation with its principal

8  place of business at 380 Valley Drive, Brisbane, California 94005.

9      10.    Upon information and belief, VHT Amplification, Inc. is a California

10  corporation with its principal place of business at 1201 South Flower Street, Burbank,

11  California 91502.

12  **STATEMENT OF FACTS UNDERLYING ALL CAUSES OF ACTION**

13  **The Loan Agreement**

14      11.    By written agreement effective November 6, 2007 (the "Loan Agreement" or

15  "the loan"), AXL agreed to lend VHT $150,000.

16      12.    The Loan Agreement obligated VHT to repay $150,000 plus interest to AXL on

17  or before May 6, 2008.

18      13.    Under the Loan Agreement, VHT granted AXL a security interest in, *inter alia*,

19  the VHT AMPLIFICATION and VHT trademarks and the goodwill appertaining thereto.

20      14.    The Loan Agreement provided that in the event VHT failed to pay AXL

21  $150,000 plus interest on or before May 6, 2008, the VHT AMPLIFICATION and VHT

22  trademarks and the goodwill appertaining thereto shall become the property of AXL.

23      15.    The Loan Agreement obligated VHT to "cooperate with AXL in every and all

24  ways necessary to perfect AXL's ownership interest" in the VHT AMPLIFICATION and VHT

25  trademarks, "including, but not limited to, making all assignments, powers-of-attorneys, file

26  transfers, and whatever undertakings necessary, expeditiously and efficaciously."

27      16.    On or around November 5, 2007, in order to facilitate transfer of ownership of

28  the VHT AMPLIFICATION trademark and the goodwill appertaining thereto in the event VHT

—

1  defaulted on the loan, VHT executed an assignment of the VHT AMPLIFICATION trademark

2  and the goodwill appertaining thereto to AXL (the "Trademark Assignment").

3      17.    The Loan Agreement provided that the Trademark Assignment was only

4  effective if VHT defaulted on the loan.

5  <div align="center">**VHT's Default on the Loan**</div>

6      18.    VHT failed to pay AXL $150,000 plus interest on or before May 6, 2008. To

7  date, VHT has not paid AXL any of the principal or interest due under the loan.

8      19.    As a result, the Trademark Assignment became effective on May 7, 2008, and

9  on that date AXL took ownership of the VHT AMPLIFICATION and VHT trademarks and the

10  goodwill appertaining thereto.

11      20.    On May 16, 2008, AXL recorded its ownership of the VHT AMPLIFICATION

12  trademark and the goodwill appertaining thereto by filing the Trademark Assignment in the

13  U.S. Patent and Trademark Office.

14  <div align="center">**VHT's Continued Use of the VHT AMPLIFICATION and VHT Trademarks**</div>

15      21.    Upon information and belief, prior to May 7, 2008, VHT had used the

16  trademarks VHT (and design) and VHT AMPLIFICATION (and design) (such marks in any

17  form (e.g., as a design, word, or composite mark) are collectively referred to herein as the

18  "VHT Trademarks") for marketing and selling musical instrument amplifiers and related

19  products and services (collectively, the "VHT Products"). Upon further information and belief,

20  prior to May 7, 2008, VHT had marketed the VHT Products via its Internet website at

21  www.vhtamp.com, and had distributed and sold the VHT Products through dealers in several

22  states, including through a dealer in San Francisco, California.

23      22.    Since May 7, 2008, despite AXL's ownership of the VHT AMPLIFICATION

24  and VHT trademarks and the goodwill appertaining thereto, VHT continues to use the VHT

25  Trademarks for marketing, selling, and/or offering to sell the VHT Products. More specifically,

26  VHT continues to market the VHT Products via its Internet website at www.vhtamp.com, and

27  continues to distribute, sell, and/or offer to sell the VHT Products through dealers in several

28  states, including through a dealer in San Francisco, California. True and correct copies of the

1   home page and other selected pages of the www.vhtamp.com website are attached hereto as

2   Exhibit A.

3         23.     On several occasions since May 7, 2008, AXL has demanded that VHT cease

4   using the VHT Trademarks.

5         24.     VHT has refused to cease using the VHT Trademarks.

6   **AXL's Imminent Use of the VHT AMPLIFICATION and VHT Trademarks**

7         25.     AXL manufactures, markets, sells, and distributes musical instruments, musical

8   instrument amplifiers, and related products and services.

9         26.     Consistent with its ownership of the VHT AMPLIFICATION and VHT

10   trademarks and its rights under the Loan Agreement, AXL is in the process of developing and

11   manufacturing musical instrument amplifiers and related products and services to be marketed

12   and sold under the VHT AMPLIFICATION and VHT trademarks.

13   <div align="center">**FIRST CAUSE OF ACTION**</div>

14   <div align="center">**(Federal Trademark Infringement)**</div>

15         27.     AXL repeats and realleges each and every allegation contained in paragraphs 1

16   through 26 above as if set forth fully herein.

17         28.     The VHT Trademarks and vhtamp.com domain name are reproductions, copies,

18   and/or colorable imitations of AXL's VHT AMPLIFICATION trademark.

19         29.     VHT's unlawful use in commerce of the VHT Trademarks and the vhtamp.com

20   domain name in connection with the sale, offering for sale, distribution, and/or advertising of

21   the VHT Products is likely to cause confusion, mistake, or deception as to the source or

22   sponsorship of the VHT Products, and thereby constitutes trademark infringement in violation

23   of section 32 of the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1114.

24         30.     Upon information and belief, VHT's conduct has been willful and in conscious

25   disregard of AXL's trademark rights.

26         31.     The aforesaid actions of VHT have caused, and, unless enjoined, will continue

27   to cause monetary damages and irreparable injury to AXL for which there is no adequate

28   remedy at law.

1

2

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition)

3    32.    AXL repeats and realleges each and every allegation contained in paragraphs 1

4    through 31 above as if set forth fully herein.

5    33.    VHT's unlawful use in commerce of the VHT Trademarks, the vhtamp.com

6    domain name, and the VHT Amplification trade name is likely to cause confusion, to cause

7    mistake, and/or to deceive as to the affiliation, connection, and/or association of VHT with

8    AXL, and/or as to the origin, sponsorship, and/or approval of the VHT Products and/or VHT's

9    commercial activities in violation of section 43(a) of the United States Trademark Act of 1946,

10    as amended, 15 U.S.C. § 1125(a).

11    34.    Upon information and belief, VHT's conduct has been willful and in conscious

12    disregard of AXL's trademark rights.

13    35.    The aforesaid actions of VHT have caused, and, unless enjoined, will continue

14    to cause monetary damage and irreparable injury to AXL for which there is no adequate remedy

15    at law.

16

## THIRD CAUSE OF ACTION

17

### (Unfair Competition Under California State Law)

18    36.    AXL repeats and realleges each and every allegation contained in paragraphs 1

19    through 35 above as if set forth fully herein.

20    37.    VHT's unlawful, deceptive, and unfair use in commerce of the VHT

21    Trademarks, the vhtamp.com domain name, and the VHT Amplification trade name wrongly

22    and falsely designates the goods and services sold by VHT as originating from, or as being

23    sponsored or approved by or otherwise connected with AXL, is likely to deceive the public, and

24    constitutes unfair competition in violation of sections 17200 et seq. of the California Business

25    and Professions Code.

26    38.    The aforesaid actions of VHT have caused, and, unless enjoined, will continue

27    to cause monetary damage and irreparable injury to AXL for which there is no adequate remedy

28    at law.

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION,                                6
BREACH OF CONTRACT, AND SPECIFIC PERFORMANCE; JURY TRIAL DEMAND

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

39.    AXL repeats and realleges each and every allegation contained in paragraphs 1 through 38 above as if set forth fully herein.

40.    The Loan Agreement which AXL and VHL entered into is a valid, written agreement.

41.    AXL did all, or substantially all, of the significant things that the Loan Agreement required them to do unless they were excused from doing those things.

42.    Any and all conditions required by the Loan Agreement for VHT's performance have occurred.

43.    The Loan Agreement required VHT to pay AXL $150,000 plus interest on or before May 6, 2008.

44.    VHT failed to pay AXL $150,000 plus interest on or before May 6, 2008.

45.    The Loan Agreement also required VHT to "cooperate with AXL in every and all ways necessary to perfect AXL's ownership interest" in the VHT AMPLIFICATION and VHT trademarks, "including, but not limited to, making all assignments, powers-of-attorney[], file transfers, and whatever undertakings necessary, expeditiously and efficaciously."

46.    While VHT executed and delivered an assignment of the VHT AMPLIFICATION trademark to AXL, which assignment has been recorded in the U.S. Patent and Trademark Office, VHT has failed to cooperate with AXL in every and all ways necessary to perfect AXL's ownership interest in the VHT AMPLIFICATION and VHT trademarks, including, but not limited to, failing to transfer to AXL all the goodwill in the VHT AMPLIFICATION and VHT trademarks.

47.    As a proximate result of VHT's failure to pay AXL $150,000 plus interest and as a further proximate result of VHT's failure to do all things necessary to perfect AXL's ownership interest in the VHT AMPLIFICATION and VHT trademarks, AXL has suffered harm.

1    48.    As a proximate result of VHT's failure to pay AXL $150,000 plus interest and

2  as a further proximate result of VHT's failure to do all things necessary to perfect AXL's

3  ownership interest in the VHT AMPLIFICATION and VHT trademarks, AXL has been

4  damaged in an amount to be proven at trial, but at least in an amount in excess of $150,000.

5                              **FIFTH CAUSE OF ACTION**

6                              **(Specific Performance)**

7    49.    AXL repeats and realleges each and every allegation contained in paragraphs 1

8  through 48 above as if set forth fully herein.

9    50.    The Loan Agreement is a written agreement with sufficiently definite and

10  certain terms.

11    51.    The consideration set forth in the Loan Agreement was the fair and reasonable

12  value of the collateral set forth in the Loan Agreement, including, but not limited to the VHT

13  and VHT AMPLIFICATION trademarks and the goodwill appertaining thereto, at the time the

14  Loan Agreement was entered into, and the Loan Agreement is, as to VHT, just and reasonable.

15    52.    AXL has performed all conditions, covenants, and promises required by AXL to

16  be performed in accordance with the terms and conditions of the Loan Agreement.

17    53.    VHT failed to make payments to AXL in accordance with the Loan Agreement.

18    54.    As a result, the collateral set forth in the Loan Agreement, including, but not

19  limited to the VHT and VHT AMPLIFICATION trademarks and the goodwill appertaining

20  thereto, became the property of AXL and VHT is obligated to "cooperate with AXL in every

21  and all ways necessary to perfect AXL's ownership interest" in the VHT and VHT

22  AMPLIFICATION trademarks and the goodwill appertaining thereto, "including, but not

23  limited to, making all assignments, powers-of-attorneys, file transfers, and whatever

24  undertakings necessary, expeditiously and efficaciously."

25    55.    VHT has failed and refused, and continues to fail and refuse, to perform the

26  conditions of the Loan Agreement on VHT's part in that VHT has failed and refused to

27  cooperate with AXL to perfect AXL's ownership interest in the VHT and VHT

28  AMPLIFICATION trademarks and the goodwill appertaining thereto. More specifically, VHT

1   has failed and refused, and continues to fail and refuse to transfer to AXL all materials
2   embodying the goodwill in the VHT and VHT AMPLIFICATION trademarks.

3       56.    For the reasons heretofore stated, AXL has no adequate legal remedy in that
4   damages, if awarded, cannot be properly ascertained since there is no fixed market value for the
5   VHT and VHT AMPLIFICATION trademarks and the goodwill appertaining thereto and
6   damages will be inadequate to compensate AXL for the harm caused by VHT's failure to
7   perform the conditions of the Loan Agreement.

8   ### PRAYER FOR RELIEF

9       **WHEREFORE**, AXL prays for judgment in its favor with respect to all the causes of
10   action set forth above and that relief be granted as follows:

11       A.    That VHT, its officers, partners, agents, servants, affiliates, employees, attorneys,
12   and representatives, and all those in privity or acting in concert or participation with VHT, and
13   each and all of them, be preliminarily and permanently enjoined from doing any of the
14   following without AXL's express written consent:

15       1.    using in any manner, or approving the use of, the VHT
16   AMPLIFICATION and VHT trademarks, the vhtamp.com domain name, the VHT
17   Amplification trade name, and any other trademark, domain name, trade name, or business
18   name confusingly similar to the VHT AMPLIFICATION and VHT trademarks, including, but
19   not limited to, any trademark, domain name, trade name, or business name containing the term
20   "VHT";

21       2.    doing any act or thing likely to induce the belief that VHT's business,
22   products, and/or services are in any way sponsored or approved by or otherwise associated or
23   connected with AXL;

24       3.    using any trade practice whatsoever, including, but not limited to, those
25   complained of herein, that tend to compete unfairly with and/or injure AXL and/or the VHT
26   AMPLIFICATION and VHT trademarks and the goodwill appertaining thereto; and

27       4.    using or approving the use of any name, mark, or design, including, but
28   not limited to, the VHT AMPLIFICATION and VHT trademarks, the vhtamp.com domain

1  name, and the VHT Amplification trade name, which is identical to, substantially

2  indistinguishable from, or a colorable imitation or simulation of any AXL trademark, including,

3  but not limited to, the VHT AMPLIFICATION and VHT trademarks.

4      B.      That VHT be required to:

5          1.      cooperate with AXL in every and all ways necessary to perfect AXL's

6  ownership interest in the VHT AMPLIFICATION and VHT trademarks, including, but not

7  limited to, transferring to AXL all the goodwill in the VHT AMPLIFICATION and VHT

8  trademarks and making all assignments, powers-of-attorney, file transfers, and whatever

9  undertakings necessary to transfer such goodwill, expeditiously and efficaciously;

10          2.      deliver to AXL all goods and materials that VHT has in its possession

11  that bear the VHT trademark, the VHT AMPLIFICATION trademark, the vhtamp.com domain

12  name, the VHT Amplification trade name, and/or any trademark, domain name, or trade name

13  confusingly similar thereto;

14          3.      recall and deliver to AXL all goods and materials sold since May 7, 2008

15  that bore the VHT trademark, the VHT AMPLIFICATION trademark, the vhtamp.com domain

16  name, the VHT Amplification trade name, and/or any trademark, domain name, or trade name

17  confusingly similar thereto;

18          4.      pay damages to AXL in an amount to be determined at trial for the

19  injuries AXL has sustained as a consequence of the acts complained of herein;

20          5.      pay treble damages to AXL, pursuant to 15 U.S.C. § 1117, as a

21  consequence of the acts complained of herein because VHT has acted willfully, with fraud,

22  malice, or oppression, and has acted with conscious disregard of AXL's trademark rights;

23          6.      pay all AXL's litigation expenses, including reasonable attorneys' fees

24  and costs of this action, pursuant to 15 U.S.C. § 1117 and paragraph 7 of the Loan Agreement;

25  and

26          7.      file with this Court and serve on AXL an affidavit setting forth in detail

27  the manner and form of VHT's compliance with the terms of this Court's injunction.

28

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION,                    10
BREACH OF CONTRACT, AND SPECIFIC PERFORMANCE; JURY TRIAL DEMAND

1      C.      That VHT's profits from its use since May 7, 2008 of the VHT trademark, the

2    VHT AMPLIFICATION trademark, the vhtamp.com domain name, the VHT Amplification

3    trade name, and/or any trademark, domain name, or trade name confusingly similar thereto, be

4    disgorged and awarded to AXL;

5      D.      That the vhtamp.com domain name and any other domain name owned by VHT

6    that contains the term "VHT" be transferred to AXL;

7      E.      That AXL be awarded pre-judgment and post-judgment interest at the maximum

8    legal rate; and

9      F.      That AXL be awarded such other and further relief as the Court deems just and

10    proper.

11    DATED: August 18, 2008          MacPHERSON KWOK CHEN & HEID LLP

12

13                      By:

14                         CLARK S. STONE
Attorneys for Plaintiff

15                         AXL MUSICAL INSTRUMENTS CO., LTD.

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff, AXL Musical

Instruments Co., Ltd., hereby demands trial to a jury on all jury-triable issues in this Complaint.

DATED: August 18, 2008                    MacPHERSON KWOK CHEN & HEID LLP

By: _____
    CLARK S. STONE
    Attorneys for Plaintiff,
    AXL MUSICAL INSTRUMENTS CO., LTD.

EXHIBIT "A"

EXHIBIT "A"



VHT IN ACTION     ABOUT TONE

● PRODUCT NEWS ●                    ● VHT NEWS ●

PRODUCTS  DEALERS  ARTISTS  FAQ's              STAY TUNED  EMAIL LIST  CONTACT US  HOME





**VHT NEWS:**

**THE DELIVERANCE IS
NOW SHIPPING!**

**PRODUCT NEWS**

○ VALVULATOR™ GP3 VERY LOW POWER GUITAR AMPLIFIER

○ Special Edition
PITTBULL SUPER THIRTY 1X12 combo

○ VALVULATOR I

○ VALVULATOR I
FREQUENTLY ASKED QUESTIONS

○ VALVULATOR I ● REVIEWS

○ TWO/NINETY/TWO

○ VHT AMPLIFICATION ON THE MOVE

VHT Amplification Releases
Sig:X

The long awaited and highly anticipated SIG:X Three Channel Tube Amplifier from VHT Amplification will begin arriving in stores in February. Described as "The best sounding (and feeling) amp I played at NAMM" by Matt Blackett of Guitar Player Magazine, the all new SIG:X (as in Your Signature Here), represents a new generation of VHT amplifiers.

**Overview**

Feature packed, yet simple and intuitive to operate, the SIG:X produces an astonishing array of tones and textures never before attainable from any single amplifier. Incorporating proprietary VHT design technology, top notch components, precision engineered transformers and legendary VHT build quality, the SIG:X is absolutely without peer in the guitar amplifier industry.

Players reactions at its 2008 NAMM debut ranged from spontaneous giggling to slack-jawed amazement as they played and watched the SIG:X produce an incredible palette of clean sounds on all 3 channels, then gradually morph from bluesy grit to fat chunky rhythms sounds and finally into a fire-breathing gain machine – all on only one of its three channels, and using only a stock vintage style strat.

Dowmload the Manual (PDF)

**Features & Specifications**

- Three independent channels with separate tone controls.
- Three-Position PRE EQ VOICING switch for each channel allowing custom tailored tone shaping.
- Exclusive VHT GAIN I/GAIN II Voicing and Overdrive configuration with channel assignable, footswitchable or manual (front panel) gain boost.
- MORE/LESS MODE (Gain Stacking) for each High-Gain channel to select 3 or 4 Tube Gain stages on selected channel (channel assignable as on CL/UL models).
- POWER SHIFT feature, a single mini toggle switch on each channel enables channel assignable Tube/SS Rectifier and 100W/40W output power selection (operates like ENHANCE MODE on Fifty/CL/ST).
- Patented DYNAMIC SENSING feature (introduced in the GP3 pre)

View Front Panel



View Back Panel



View Foot Switch

tracks string attack/decay to optimize sustain and note detail.

- Two dedicated sets of Depth and Presence controls, one set for the Clean channel and one set for the LEAD and RHYTHM channels. Each set of Depth and Presence controls are voiced for their specific channels.

- Footswitchable True-Bypass, Series/Parallel Effects Loop with level controls. Suitable for using the loop as a volume boost.

- Smart Foot-controller selects LEAD, RHYTHM, CLEAN, BOOST and EFFECTS. Recalls previously selected combination of channel and boost/loop. Footswitch Boost and Effects functions can then used for gain boost (BOOST) or volume boost (EFFECTS) or both. Very cool with the recall feature.

- One 16 ohm output jack is provided for connection to a 16 ohm cabinet. Two additional parallel jacks with a two position 8/4 ohm selector switch are provided.

- A fixed level line out jack is also provided for direct recording or slaving.

- **Specifications:**
  Output power: 100 Watts RMS max, 40 Watts RMS, low power mode.
  Size: 29-1/4W X 9H X 10-1/2D
  Weight: 53 pounds

- **Tube compliment:**
  1 X 12AX7 Tung Sol
  5 X 12AX7A - Shuguang
  2 X KT88 – Sovtek – Premium Matched
  1 X 5U4G – EH



© 2008 VHT Amplification, Inc., 1201 South Flower Street, Burbank, CA 91502
Ph: 818-846-4000    |    Fax: 818-846-4040







**CLICK FOR
LARGER VIEW**



The **Ultra-Lead & Hundred/CLX** designs share the legacy of the first true 3-channel tube amplifier on the market. These 100-plus watt amplifiers are state of the art, offering an array of features and simplicity of operation unique in all of ampdom.

The flagships of the Pittbull® line, the Ultra-Lead & CLX now feature Gain-Stacking™ in the Lead and Rhythm channels. Preset your channel gains for subtle, biting clean, robust, chunky rhythm, or searing, pummeling overdrive, then let the footswitch do the rest.

The cleanest, quietest effects loop in the world just got better with the addition of a switchable parallel mode. Mix the true amp sound with your favorite effect or process the entire pre-amp signal. The choice is yours.

Guitar Player Magazine described the Pittbull the best: *"The VHT Pittbulls... deliver all the features you expect from a modern rock amp. Super high gain, an intelligent effects loop, bullet-proof construction and super clean tones --- something the others seem happy to ignore."*

The Ultra-Lead's KT88 power section provides ample clarity and definition in the clean mode as well

as in the full-on high gain channels. If more low mid-range punch is your game, just switch the power tubes and experience maximum 6L6 expression.

Guitar World Magazine wrote: *"...the well-built, cleanly designed Ultra-Lead is aimed directly at no-excuses professional players... Whether you're after versatility, great tone, or sheer volume, the VHT Pittbull® clearly comes with an equally impressive measure of bark and bite."*

For those who prefer more power amp distortion and less preamp gain, the Hundred/CLX is the ultimate EL34-based amplifier delivering in excess of 100 watts RMS of smooth, dynamic Class A/B power into 4, 8 or 16 ohms.

For smaller venues, the Dual-Class™ mode offers the choice of Class A, Class A/B or both. Unlike the combination Class A/B-Triode mode employed by others, Dual-Class™ gives you true cathode bias operation on demand. Fat'n honkin in the Half Power mode, or chunky 'n sweet when combined with Class A/B at full power.

Prefer 6L6 chunk to EL34 bite? You'll get more than just a bias change when you switch to 6L6 Pittbull® power. No other production amp gives you both screen current and bias voltage compensation when switching power tubes.